UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BRANDON EUGENE FISHER.       )
                            )
        Petitioner,          )
                            )
v.                          )   No. 1:22-cv-00139-CMS
                            )
BILL STANGE,                )
                            )
        Respondent.          )

## MEMORANDUM AND ORDER

Before the Court is Petitioner Brandon Fisher's Petition For a Writ of

Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254. The petition is DENIED.

## FACTUAL AND PROCEDURAL HISTORY

In 2017, Fisher was found guilty of two counts of first-degree child

molestation in Iron County Circuit Court in Missouri. (Doc. 13-2 at 28). The trial

court sentenced Fisher to two concurrent terms of life imprisonment. (Doc. 13-2 at

28).

On direct appeal, the Missouri Court of Appeals summarized the evidence

adduced at trial as follows:

> C.B. ("Victim") and her two sisters A.B. ("Sister") and M.B. were
> removed from their home and placed in a foster home with foster
> parents in March 2014. Victim was 5 years old and Sister was 7.
> Approximately 10 days after placement, Victim informed her foster
> mother that Defendant, a family friend of Victim's parents, would set

1

Victim and Sister on his lap and "would play with them in a bad way" and touched Victim and Sister in their private areas. Sister told her foster mother that she had seen Defendant "do things" to Victim. Foster mother testified that Victim told her Defendant would "hump" Victim.

Foster mother called Jennifer Hart ("Hart"), the children's caseworker with the Department of Social Services, Children's Division ("Children's Division"). Hart came to the house, talked to the children, and hotlined the abuse. Sister told Hart that Defendant would touch Sister and Victim in their vaginal areas, using the word "coochie" to describe that area. Victim nodded in agreement to Sister's statements to Hart.

Based on the hotline report of abuse, an investigator with Children's Division, Joe Tiffany ("Tiffany"), came to the home. Tiffany asked Victim if she knew why he was at the house and Victim told him "Yes because my mom and dad and [Defendant] were in bed humping, sometimes with me in the bed and sometimes with my sisters."

Diane Silman ("Silman"), a forensic interviewer, interviewed Victim and Sister in April 2014, and Victim again in June 2014. In those interviews, Victim described being "humped" by Defendant on several occasions. Victim also stated Defendant's clothes were off and Defendant touched her on her breasts and belly. Sister told Silman that Defendant had touched her vagina.

Morgan Galloway, a forensic interviewer, interviewed Sister in June 2014. Sister reported that Defendant had touched her vagina, and Defendant had touched Victim in the same manner.

Melissa Meloy ("Meloy"), a licensed counselor, testified that Victim was her client. Victim told Meloy that her father and Defendant "would hump her and her sister in the living room[.]" Victim stated "it happened a lot." Victim told Meloy that Defendant and her father were naked, but that the girls had their underwear on.

Jennifer Naeger ("Naeger"), a licensed clinical social worker, counselled Victim and Sister beginning in 2015. Victim described to Naeger sexual abuse incidents occurring on three different dates in 2015 and 2016, including being touched in a sexually inappropriately way by Defendant. Sister also reported that Defendant had touched Sister inappropriately.

Defendant was charged with two counts of the class B felony of child molestation in the first degree in violation of § 566.067. This charge

2

> was later amended to reflect Defendant's status as a persistent offender.
> At trial, the State presented its evidence through various live witnesses and video interviews of Victim and Sister. Both Victim and Sister also testified at trial. Although Victim testified she did not now remember Defendant, Sister testified that she knew who Defendant was and that he had sexually abused both Victim and her. Defendant did not testify. After a two-day jury trial, the jury found Defendant guilty.

(Doc. 13-5 at 2-4).

In that direct appeal, Fisher's only claim was that the "trial court plainly erred… in failing to *sua sponte* declare a mistrial after the State argued in closing that it was the jurors' choice whether to find [Fisher] guilty, or allow him to 'get up out of that chair, walk out that door to this community to do again what he's done.'" (Doc. 13-3 at 11). The Missouri Court of Appeals affirmed the trial court's judgment, reasoning that Fisher had not carried his burden of demonstrating manifest injustice because of the strength of the evidence against him. (Doc. 13-5 at 8).

Fisher's appointed counsel filed an amended Rule 29.15 motion for postconviction relief. In that proceeding, Fisher asserted five claims: (1) that trial counsel was ineffective for failing to object to the prosecuting attorney's remark in closing argument that it was the jurors' choice whether to find Fisher guilty, or allow him to "get up out of that chair, walk out that door to this community to do again what he's done"; (2) that trial counsel was ineffective for failing to object to

Instructions No. 5 and No. 6 and therefore deprived Fisher of his right to an unanimous verdict under Article I, § 22(a) of the Missouri Constitution; (3) that appellate counsel was ineffective for failing to raise the issue relating to Instructions No. 5 and No. 6 on direct appeal; (4) that trial counsel was ineffective for failing to object to the testimony of Deputy Scott Maxey; and (5) that trial counsel was ineffective for failing to investigate or call John Cox as a witness at trial. (Doc. 13-7).

The state postconviction motion court denied all of these claims. (Doc. 13-7). In appealing this ruling, Fisher raised two points. First, Fisher argued that the motion court erred in denying his Rule 29.15 motion because the "findings of fact and conclusion of law are insufficient to allow this Court a meaningful opportunity to review its ruling as required by Rule 29.15(j)." Second, Fisher argued that the motion court erred in finding that trial counsel was not ineffective for failing to object to the prosecutor's statement in closing argument. (Doc. 13-8 at 15). The Missouri Court of Appeals affirmed the motion court's judgment in an unpublished opinion. (Doc. 13-10).

Fisher mailed a timely petition for a writ of habeas corpus (pursuant to 28 § U.S.C. 2254) to this court on October 6, 2022. In total, Fisher's petition raises 13 claims:

> Claim 1(a) - Trial counsel was ineffective for failing to object to jury instruction Nos. 5 and 6. (Doc. 1-1 at 6-8);

4

Claim 1(b) - Trial counsel was ineffective for failing to submit a jury instruction for the lesser-included offense of second-degree child molestation. (Doc. 1-1 at 9-11);

Claim 1(c) - Trial counsel was ineffective for failing to file a timely motion for a new trial. (Doc. 1-1 at 12);

Claim 1(d) –Trial counsel was ineffective for failing to object during the prosecutor's closing argument. (Doc. 1-1 at 13-16);

Claim 2(a) – Postconviction counsel was ineffective for failing to include all of Fisher's *pro se* postconviction claims in his amended Rule 29.15 postconviction motion. (Doc. 1-1 at 17-19);

Claim 2(b) - Postconviction appellate counsel was ineffective for failing to object to the form of the postconviction motion court's judgment and for failing to appeal all postconviction claims. (Doc. 1-1 at 20-22);

Claim 3(b) – The prosecutor committed misconduct when he changed Fisher's claim 8(a) in the State's proposed findings of facts and conclusions of law during postconviction review. (Doc. 1-1 at 23-24);

Claim 4(a) – The trial court plainly erred in failing to *sua sponte* declare a mistrial during the prosecutor's closing argument. (Doc. 1-1 at 25-26);

Claim 4(b) – The trial court plainly erred in submitting instructions Nos. 5 and 6. (Doc. 1-1 at 27);

Claim 4(c) - The trial court plainly erred in not submitting a jury instruction for the lesser-included offense of child molestation. (Doc. 1-1 at 28);

Claim 4(d) –The postconviction motion court erred in denying Fisher's motion for postconviction relief. (Doc. 1-1- at 29);

Claim 4(e) – The postconviction appellate court erred by reviewing a claim "altered" by the prosecuting attorney. (Doc. 1-1 at 30-31); and

Claim 4(f) – The postconviction appellate court erred in denying Fisher's motion for rehearing. (Doc. 1-1 at 32-33).

On July 14, 2023, Fisher filed a supplemental letter with this Court. (Doc. 14). In the letter, Fisher states that two of his previous felony convictions were for marijuana offenses when he was sentenced as a prior and persistent offender in the underlying state criminal case. (Doc. 14 at 1). He points out that, on June 27, 2023,

the Iron County Circuit Court expunged those two prior convictions. (Doc. 14 at 5). As part of his supplemental letter, Fisher argues that his "sentence… should be modified" or that he should be resentenced. (Doc. 14 at 2).

## ANALYSIS

### 28 U.S.C. § 2254 Standards

A federal judge may issue a writ of habeas corpus freeing a state inmate if the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act (AEDPA) constrains a federal court to "exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under AEDPA, a federal court shall not grant relief to a state inmate with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-

court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). And a "decision is 'contrary to' federal law 'if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013) (quoting *Williams*, 529 U.S. at 412-13 (citation modified).

The "unreasonable application" prong of § 2254(d) is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). An "*unreasonable* application of federal law is different than an *incorrect* application of federal law." *Williams*, 562 U.S. at 101 (emphasis in original). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court.]" *Id.*

But before reaching the merits of a § 2254 habeas claim, "a federal court reviewing a state conviction… may consider only those claims which the petitioner

7

has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). A "state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Gordon v. Arkansas*, 823 F.3d 1188, 1196 (8th Cir. 2016) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him ...." *Marcyniuk v. Payne*, 39 F.4th 988, 995 (8th Cir. 2022) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). "If a prisoner fails to demonstrate cause, the court need not address prejudice." *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (citing *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996)).

*Ineffective Assistance of Counsel Standards*

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To demonstrate ineffective assistance of counsel, a petitioner must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687. To establish deficient performance, a petitioner must demonstrate that his attorney "made errors so serious that counsel was not

8

functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 689.

*Claims 1(a), 1(b), 1(c), 4(a), 4(b), and 4(c) Are Procedurally Defaulted.*

In Missouri, "a claim must be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). Missouri's Rule 29.15 "prevent[s] individuals from pursuing claims of ineffective assistance of trial counsel on direct appeal." *Franklin v. Hawley*, 879 F.3d 307, 312 (8th Cir. 2018) (citing *State v. Wheat*, 775 S.W.2d 155, 157–58 (Mo. 1989), *overruled on other grounds by Joy v. Morrison*, 254 S.W.3d 885 (Mo. 2008)); *see also* Mo. Rule 29.15(a) ("This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.").

Claim 1(a) was included in Fisher's Amended Rule 29.15 motion, but Fisher did not appeal the denial of this claim. (Doc. 13-7; Doc. 13-8). This claim is procedurally defaulted, but Fisher appears to argue that "cause" exists to excuse the procedural default of this claim because his "PCR appellate counsel [ ] failed to raise all claims on appeal abandoning [him]." (Doc. 1-1 at 29). This does not fall into the narrow exception articulated by the United States Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012).

In *Martinez*, the Supreme Court recognized that "counsel's ineffectiveness… in an initial-review collateral proceeding qualifies as cause for a procedural default." *Id.* at 13. But that rule applies only to states that require inmates to bring ineffective assistance of counsel claims in a separate, "initial-review collateral proceeding." *Id.* at 17. Further, *Martinez* itself said that its rule "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id.* at 16.

Fisher procedurally defaulted on Claim 1(a) when appellate counsel did not raise it after the initial-review collateral proceeding court—*i.e.*, the Rule 29.15 motion court—denied his claim. *Martinez* therefore does not apply, and no cause exists to excuse Fisher's procedural default of this claim.

Claims 1(b) and 1(c) were not included in Fisher's Amended Rule 29.15 motion. (Doc. 13-7). As with Claim 1(a), Fisher asserts that cause exists to excuse

his procedural default. Before a federal court is allowed to find "cause," thereby excusing a habeas petitioner's procedural default, the claim of ineffective assistance of trial counsel must be "substantial." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (citing *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)). "A 'substantial' ineffective-assistance claim is one that has some merit." *Id.* (quoting *Martinez*, 566 U.S. at 14).

Neither claim has merit. Claim 1(b) alleges that trial counsel should have submitted an instruction on the lesser-included offense of second-degree child molestation. (Doc. 1-1 at 22). At the time of Fisher's charged conduct, RSMo § 566.067.1 provided, "A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." Second-degree child molestation, Fisher's proposed lesser-included offense, applied "if [a person] subject[ed] another person who is less than seventeen years of age to sexual contact." RSMo § 566.068.1.

Fisher cannot establish that counsel's decision to not request a lesser-included-offense instruction for second-degree child molestation was unreasonable. As the Court of Appeals found, the evidence showed that Victim was five years old at the time of the charged conduct. Fisher does not identify any basis in the record for the jury to have found that Victim was at least 14 years old at the time of the conduct – in fact, trial counsel emphasized Victim's age of five years several times

during closing argument in an attempt to diminish her credibility. (Doc. 13-1 at 339-40). "Counsel has no duty to request an instruction that would undermine the defense theory presented at trial." *Jones v. State*, 514 S.W.3d 72, 82 (Mo. App. 2017) (citing *Williamson v. State*, 400 S.W.3d 902, 904 (Mo. App. 2013)). Further, Fisher has not presented any evidence that counsel's decision to not request a lesser-included-offense instruction was anything other than a strategic decision. Claim 1(b) is not a substantial ineffective assistance of counsel claim.

Claim 1(c) is also meritless. Fisher asserts in his petition that trial counsel was ineffective for failing to file a motion for new trial on "several grounds" and that trial counsel therefore "failed to properly preserve any points or errors for further review on appeal." (Doc. 1-1 at 12). Fisher does not identify how this alleged error prejudiced him.  To show prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 689. While Fisher alleges that trial counsel's failure to file a motion for new trial resulted in some of his claims being unpreserved for appellate review, he has not shown that the result of his appeal would have been different if these (unidentified) claims of error were preserved. This claim is also procedurally defaulted.

Claim 4(a) was presented to the Missouri Court of Appeals on direct appeal. (Doc. 13-3 at 11). But even then, Fisher's appellate counsel acknowledged that this

12

claim of error was unpreserved and requested plain-error review. (Doc. 13-3 at 12).

The Court of Appeals engaged in discretionary plain-error review of this claim and

denied Fisher relief. (Doc. 13-5). Because a state court's discretionary plain-error

review of an inmate's unpreserved claims does not excuse procedural default, this

claim is procedurally defaulted. *See Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir.

2015).

Fisher never presented Claims 4(b) and 4(c) to the Missouri courts and fails

to argue that these claims are not procedurally defaulted. Therefore, these claims

are procedurally defaulted.

*Claims 2(a), 2(b), 3(b), 4(d), 4(e), and 4(f) Fail to State a Cognizable Basis
for Relief under § 2254.*

Claims 2(a) and 2(b) both allege that postconviction counsel performed

deficiently during Fisher's postconviction proceedings. 28 U.S.C. § 2254(i) states,

"The ineffectiveness or incompetence of counsel during Federal or State collateral

post-conviction proceedings shall not be a ground for relief in a proceeding arising

under section 2254." Therefore, this Court cannot grant relief to Fisher on these

claims.

Claims 4(d), 4(e), and 4(f) all allege errors by Missouri postconviction

courts. As the Constitution does not guarantee even the existence of state

postconviction proceedings, a defect in a state postconviction proceeding does not

raise a constitutional issue cognizable in a federal habeas petition. *Bell-Bey v.*

*Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)). Thus, "[a]ny error in [Fisher's] state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus." *Id.*

At first glance, Claim 3(b) appears to be a claim for prosecutorial misconduct. (Doc. 1-1 at 23) ("Petitioner was denied his right to due process… when the acting prosecutor Brian Parker failed to abide by Rule 38 Special Responsib[ilities] of a Prosecutor"…). At bottom, though, Claim 3(b) is an attempt to reframe Claim 4(d) into a cognizable claim for habeas relief. *Compare* (Doc. 1-1 at 36) ("Due to the prosecutor altering petitioner's claim on or within the finding of fact and conclusion of law Petitioner's state court fact findings are not adequately supported by the record.") *with* (Doc. 1-1 at 42) (alleging the postconviction court "erred in making a judgment on petitioner's postconviction finding of fact and conclusion of law due to the prosecuting attorney altering his claim 8(a)…"). Because Claim 3(b) alleges that the state postconviction court erred in making its findings of fact and conclusions of law, Claim 3(b) is not cognizable under § 2254.

*The Missouri Court of Appeals' Merits Determination of Claim 1(d)*
*Was Not Unreasonable.*

Claim 1(d) is Petitioner's only claim that is not procedurally defaulted and is cognizable under § 2254. Claim 1(d) alleges that trial counsel "failed to provide

14

effective assistance of counsel in that she failed to object to the prosecuting attorney's final remarks in his closing argument." (Doc. 1-1 at 13). Specifically, the prosecutor stated in closing, "It is your choice, do you make this man take seriously his actions? Is he held responsible or does he get up out of that chair, walk out that door to this community to do again what he's done? The choice is yours." (Doc. 13-1 at 345-46).

The Missouri Court of Appeals rejected this claim because Fisher could not show that trial counsel's inaction resulted in prejudice:

> Fisher has failed to meet his burden of proving that the motion court clearly erred in finding that trial counsel was not ineffective in failing to object to the State's remarks during closing argument. To prove prejudice, Fisher must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lyons v. State*, 39 S.W.3d 32, 36 (Mo. banc 2001) (quoting *Strickland*, 466 U.S. at 694). The trial court found that "the evidence presented against [Fisher] was extensive" and that Fisher could not demonstrate the remark was prejudicial in light of all the evidence against him. We cannot say this finding was clearly erroneous. Here, the evidence presented at trial included the testimony of multiple witnesses relaying the victim and the sister's statements about how Fisher sexually abused them, the video evidence of forensic interviews of the victim and the sister, and the sister's live testimony regarding the abuse. In comparison, the State's allegedly improper remark was brief, isolated and nonrepetitive. Assuming arguendo that the State's remark was improper, that brief remark, juxtaposed against the strength of the evidence of Fisher's guilt, supports the motion court's conclusion that there is no reasonable probability that, in the absence of the State's remark, the verdicts would have been different.

(Doc. 13-10 at 5-6).

15

This decision was not objectively unreasonable. *Strickland* itself reasoned that "overwhelming" evidence is a proper consideration in making the prejudice determination. 466 U.S. at 699 ("Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion that the aggravating circumstances outweighed the mitigating circumstances and, hence, the sentence imposed."). And the Eighth Circuit has noted it "may be impossible to demonstrate prejudice" "when there is overwhelming evidence of guilt presented." *Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) (citing *Strickland*, 466 U.S. at 700); *see also Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir.1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of [petitioner's] guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under *Strickland*.")).

Also, Fisher has made no attempt to rebut the presumption that the Missouri Court of Appeals' factual determination was correct that the evidence of his guilt was overwhelming. See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

16

In sum, the Missouri Court of Appeals did not unreasonably apply "clearly established Federal law" in evaluating this claim. 28 U.S.C. § 2254(d)(1). Claim 1(d) is denied.

*This Court Cannot Grant Relief on Fisher's Request for Resentencing Because It Involves a Question of State Law.*

After filing his initial habeas petition, Fisher filed a supplemental letter with this Court. (Doc. 14). As part of his supplemental letter, Fisher argues that his "sentence… should be modified" or that he should be resentenced because two of his previous felony convictions have now been expunged. (Doc. 14 at 2).[1]

Fisher was sentenced as a prior and persistent offender under Missouri law. At the time of the charged conduct, a "persistent offender" was defined as a defendant "who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." RSMo § 558.016.3. At that time, RSMo § 558.016.1 permitted a circuit court to sentence a defendant "to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender."

---

[1] Respondent argues that Fisher has not exhausted his state court remedies as to this claim because he still has a Missouri Rule 91 petition pending in Mississippi County Circuit Court seeking the same relief. 28 U.S.C. § 2254(b) permits a court to deny a habeas petition "on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Because Fisher's supplemental claim does not state a cognizable basis for federal habeas relief, this Court exercises its discretion under § 2254(b) to deny the claim.

According to the information pursuant to which Fisher was charged, he had previously been found guilty of two counts of "Dist/Del/Manf/Pr[o]duce Or Attempt To Or Possess W/Intent To Dist/Del/Manf/Produce A Controlled Substance, Felony B" at two different times. (Doc. 13-2 at 3). On June 27, 2023, the Iron County Circuit Court expunged those two prior convictions "pursuant to Article XIV, Section 2 of the Missouri Constitution. (Doc. 14 at 5).

Fisher appears to argue that he is no longer a persistent offender because his two prior felony convictions have been expunged. Even setting aside Fisher's status as a persistent offender at the time of sentencing, Fisher's argument presents only a question of state law; Fisher does not allege that his extended sentence violates any provision of federal law. Under the plain text of 28 U.S.C. § 2254(a), a federal court can grant habeas relief to a state inmate only for violations of the United States Constitution or federal law. *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law").

*The Court Will Not Issue a Certificate of Appealability.*

Finally, the Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To issue

18

such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Fisher has not made such a showing, and the Court will not issue a certificate of appealability.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

Dated this 3rd day of March, 2026

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE